IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ESTATE OF BEVERLY BERLAND, By its Personal Representatives, Cindy Gilman and Andrea Frazin, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 18-1493 (MN) |
| BEVERLY BERLAND INSURANCE TRUST, BEVERLY BERLAND FAMILY INSURANCE TRUST, BERLAND INSURANCE TRUST, THE GIII ACCUMULATION TRUST, and PARK VENTURE ADVISORS, LLC, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Joseph J. Bellew, Cozen O'Connor, Wilmington, DE; Gregory Star, Joseph M. Kelleher, Cozen O'Connor, Philadelphia, PA – Attorneys for Plaintiff

Steven L. Caponi, K&L Gates, Wilmington, DE – Attorney for Defendant, The GIII Accumulation Trust

October 19, 2018
Wilmington, Delaware

_NOREIKA, U.S. DISTRICT JUDGE:_

On September 13, 2018, Plaintiff, the Estate of Beverly Berland (the "Estate" or "Plaintiff"), filed an action in the Delaware Superior Court against Defendants, Beverly Berland Insurance Trust, Beverly Berland Family Insurance Trust, Berland Insurance Trust, The GIII Accumulation Trust, and Park Venture Advisors, LLC (collectively "Defendants") (Del. Super, N19C-09-102 MMJ CCLD).

On September 26, 2018, Defendants, Beverly Berland Insurance Trust and The GIII Accumulation Trust ("GIII") removed the case to this Court pursuant to 28 U.S.C. § 1332, citing diversity of citizenship. (D.I. 1).

Before the Court is Plaintiff's October 9, 2018 Motion for Leave to Conduct Limited Immediate Discovery "necessary to confirm that the Estate has named all of the entities who should be named Defendants in this action" prior to the potential expiration of the statute of limitations. (D.I. 3 at 3-4). Only one of the Defendants, GIII, responded to the motion. (D.I. 8).[1] For the following reasons, the Court grants the motion and orders limited immediate discovery.

## I.     **LEGAL STANDARD**

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P 26(d)(l). Courts in this district have applied a "good cause" standard in cases like these, "where expedited discovery is sought in order to identify unknown or anonymous John Doe defendants." _Reybold Grp. of Companies, Inc. v. Does 1-20,_ 323 F.R.D. 205, 208 (D. Del. 2017); _see also Vision Films, Inc. v. John Does 1-24,_ 2013 WL 1163988, at *3 (D. Del.

---

[1]     GIII has represented that "the Beverly Berland Family Insurance Trust, the Berland Insurance Trust and Park Venture Advisors, LLC" are no longer in existence. (D.I. 8 at 3-4)

Mar. 20, 2013). To determine whether good cause exists, the Court considers many factors, including: (1) whether Plaintiff has established a *prima facie* showing; (2) whether Plaintiff "has no other way to identify the alleged wrongdoers, aside from obtaining the discovery at issue;" and (3) whether "expedited discovery is necessary . . . ." *Reybold*, 323 F.R.D. at 208; *see also Vision Films*, 2013 WL 1163988 at *3.

"[T]he court must weigh the need for discovery at an early juncture in the litigation against the breadth of the discovery requests and the prejudice to the responding party, by considering such factors as (1) the timing and context of the discovery requests [ ] . . . ; (2) the scope and purpose of those requests; and (3) the nature of the burden to the respondent." *Vision Films, Inc.*, 2013 WL 1163988, at *3 (quoting *Kone Corp. v Thyssenkrupp USA, Inc.*, C.A. No. 11-465-LPS-CJB, 2011 WL 4478477, at *4 (D. Del. Sept. 26, 2011) (alterations in original). Of course, an assessment of these factors (going to issues like the "context . . . of the requests" or the "scope" or "purpose" of those requests) will require different types of analyses, depending on the particular kind of case at issue and the particular type of expedited discovery sought. (*Id.*)

## II.  DISCUSSION

Here, GIII does not argue that the Estate has failed to establish a *prima facie* showing of its claims or that the Estate has other ways of identifying potential but yet unknown defendants. Nor does GIII dispute that a statute of limitations defense may be raised with respect to potential defendants. Instead, GIII argues that the discovery sought is overly broad and that responding would be unduly burdensome. While the Court is troubled by the Estate's decision to wait until the end of the limitations period to investigate claims against potential unknown defendants, it

cannot conclude that that delay should preclude the Estate from seeking that discovery.[2] The Court finds that Plaintiff has shown good cause to seek expedited discovery and provided sufficient evidence that the information sought is limited in scope and poses little to no burden on the Defendants.

The Court will thus grant Plaintiff's motion for leave to conduct limited immediate discovery. Recognizing GIII's concerns related to the scope of the proposed order (D.I. 8 at 5), the Court limits immediate discovery to (a) the issuance of a document request and an interrogatory to each of the Defendants and (b) the issuance of third-party subpoenas pursuant to Rule 45 for documents to any insurance carrier that may have issued life insurance policy on the life of Ms. Berland that were identified in response to a document request or the interrogatory and limited to confirming the identity of such a policy.

## III. CONCLUSION

For the forgoing reasons, Plaintiff's Motion for Leave to Conduct Limited Immediate Discovery (D.I. 3) is GRANTED. An appropriate order will follow.

---

[2]     GIII does not dispute that Plaintiff could obtain immediate discovery of this information in state court had GIII not opted to remove the case pursuant to the Third Circuit's holding in *Encompass Insurance Company v. Stone Mansion Restaurant*, 902 F3d 147 (3d Cir. 2018). Delaware Superior Court Rule of Civ. P. 26(d) states that "[u]nless the Court upon motion, . . . orders otherwise, methods of discovery may be used in any sequence" and Rule 45(a)(3) allows for the issuance of a subpoena by a Delaware attorney, by virtue of the status as an officer of the court.